**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ELCHANAN RUBIN, | CIVIL ACTION NO. 10-6816 (MLC) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MERCER INSURANCE GROUP, INC., et al., | |
| Defendants. | |

**Cooper, District Judge**

Plaintiff, Elchanan Rubin ("Plaintiff"), brought this putative class action in New Jersey Superior Court, Mercer County. (Dkt. entry no. 1, Rmv. Not. & Ex. A, Compl.) Plaintiff challenges a proposed merger whereby defendant Red Oak Acquisition Corp. ("Red Oak"), a wholly-owned subsidiary of defendant United Fire & Casualty Company ("United Fire"), will acquire all outstanding common stock of defendant Mercer Insurance Group, Inc. ("Mercer"). (Compl. at ¶¶ 1-2.) Plaintiff owns Mercer common stock and asserts a state law claim for breach of fiduciary duty against Andrew Speaker, Roland D. Boehm, H. Thomas Davis, Jr., William V.R. Fogler, William C. Hart, George T. Hornyak, Jr., Samuel J. Malizia, and Richard U. Niedt (the "Individual Defendants"), each of whom is a member of Mercer's Board of Directors. (Id. at ¶¶ 8-16, 63-71.) Plaintiff also asserts a state law claim for "aiding and abetting" against the

Individual Defendants, Mercer, Red Oak, and United Fire (collectively, "Defendants"), contending that the alleged breach of fiduciary duty by the Individual Defendants "could not, and would not, have occurred but for the conduct" of the other defendants in "render[ing] substantial assistance to the Individual Defendants in their breaches of their fiduciary duties to Mercer stockholders." (Id. at ¶¶ 72-79.)  Plaintiff seeks, inter alia, to enjoin Defendants from consummating the proposed merger.  (Id. at 19, "Prayer for Relief," at ¶ D.)

Red Oak and United Fire (together, "Removing Defendants") removed this action on December 29, 2010, invoking the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.), as a basis for this Court's jurisdiction.  (Rmv. Not. at 4-5.)  See 28 U.S.C. §§ 1332(d), 1453(b).[1]  Plaintiff now moves to remand the action, arguing that certain provisions of CAFA divest the Court of subject matter jurisdiction.  (Dkt. entry no. 10, Mot. to Remand.)  Removing Defendants oppose the motion, and cross-move to (1) consolidate this action with Braun v. Mercer Insurance Group, Inc., No. 11-166 (MLC) (removed 1-10-11), and (2) dismiss the Complaint insofar as asserted against them.  (Dkt. entry no. 34, Opp'n Br; dkt. entry no. 29, Mot. Dismiss; dkt. entry no. 30,

---

[1] Under CAFA, unanimous consent of all defendants is not necessary to effect removal.  See 28 U.S.C. § 1453(b).

2

Mot. Consolidate.)[2]  The Court, for the reasons stated herein, will grant the motion to remand.

## BACKGROUND

Plaintiff alleges that on November 30, 2010, Mercer and United Fire announced that they had entered into an Agreement and Plan of Merger (the "Merger Agreement") wherein United Fire's wholly-owned subsidiary, Red Oak, would acquire all of Mercer's outstanding common stock for $28.25 per share, or approximately $191 million.  (Compl. at ¶ 2.)  The merger is scheduled to occur at the end of the first quarter of 2011 and is subject to approval by Mercer's shareholders.  (Id.)  Plaintiff alleges that concurrent with the Merger Agreement, United Fire entered into a Shareholder Support Agreement whereby certain officers and directors of Mercer collectively owning approximately 13% of Mercer's outstanding shares agreed to vote in favor of the Merger Agreement.  (Id. at ¶ 3.)

Plaintiff contends that the Individual Defendants breached their fiduciary duty to Mercer's shareholders by approving the Merger Agreement because the benefits to United Fire of the proposed merger "come at the expense of Mercer's public shareholders." (Id. at ¶ 50.)  Plaintiff argues that Mercer's stock price was undervalued at the time the Merger Agreement was

---

[2] Mercer and the Individual Defendants cross-move separately to dismiss the Complaint insofar as asserted against them. (Dkt. entry no. 28, Mot. Dismiss.)

negotiated, and the proposed merger will therefore deny Mercer's shareholders from realizing the value of their investment, given industry predictions that the value of the stock will continue to increase through the end of 2011.  (Id. at ¶ 57-62.)  Plaintiff further alleges that Mercer failed to disclose "whether it conducted any type of auction or market check to confirm the value of the Company or otherwise shopped the Company around" to determine whether a higher price could have been obtained for Mercer shares.  (Id. at ¶ 54.)  Finally, Plaintiff challenges the fairness of the proposed merger, based on the fact that the Merger Agreement "imposes a $6.685 million termination fee . . . on Mercer's public shareholders in the event that either Mercer or United Fire terminates the Merger Agreement," without imposing a reciprocal termination fee on United Fire "under any circumstances."  (Id. at ¶ 52.)  The Complaint alleges that the "Individual Defendants have breached their duties of candor, loyalty, fairness, good faith, and care by not taking adequate measures to ensure that the interests of Mercer's public shareholders are properly protected."  (Id. at ¶ 66.)

## DISCUSSION

CAFA "confers jurisdiction on federal courts over certain class actions in which any defendant and any class member are citizens of different states" and the amount in controversy exceeds $5 million.  Kaufman v. Allstate N.J. Ins. Co., 561 F.3d

144, 148 (3d Cir. 2009) (citing 28 U.S.C. § 1332(d)(2)). However, this grant of federal subject matter jurisdiction does not extend to

> any class action that solely involves a claim –
>
> (A) concerning a covered security as defined under [section] 16(f)(3) of the Securities Act of 1933 [15 U.S.C. § 77p(f)(3)] and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. [§] 78bb(f)(5)(E));
>
> (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or
>
> (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. [§] 77b(a)(1)) and the regulations issued thereunder).

28 U.S.C. § 1332(d)(9). Plaintiff asserts that the action should be remanded because the Court lacks subject matter jurisdiction under either subsection (A) or (C) of 28 U.S.C. § ("Section") 1332(d)(9), and that removal was improper pursuant to parallel provisions in the statute governing removal of class actions, Section 1453(d), prohibiting removal of class actions falling within these exceptions. (Dkt. entry no. 10, Pl. Br. at 5, 8.) Specifically, Plaintiff contends that Section 1332(d)(9)(C) applies because the Complaint "alleges only breach of fiduciary

duty claims . . . 'related to or created by or pursuant to' a 'security'" – the Mercer stock held by Plaintiff.  (Id. at 6-7.) Plaintiff further contends that because Mercer's common stock is listed on the NASDAQ stock market, it qualifies as a "covered security" for purposes of Section 1332(d)(9)(A).  (Id. at 8-11.)

Removing Defendants correctly observe that the party objecting to the exercise of federal jurisdiction and seeking remand bears the burden of establishing that an exception to CAFA applies.  Kaufman, 561 F.3d at 153-54.  Removing Defendants oppose remand, contending that "[t]his is precisely the type of case that Congress intended federal courts to resolve under . . . CAFA."  (Opp'n Br. at 1.)

We find that remand is appropriate here.  Removing Defendants contend that the claim asserted against them for "aiding and abetting" the Individual Defendants' alleged breach of fiduciary duty does not sound in fraud and therefore does not fall within the securities exception of Section 1332(d)(9)(A). (Id. at 4.)  Removing Defendants further contend that Section 1332(d)(9)(C) does not apply because the aiding and abetting claim against them is not a breach of fiduciary duty claim, and because "Plaintiff is not suing United Fire in relation to any United Fire security."  (Id. at 7.)  However, as Removing Defendants point out in support of their pending motion to dismiss, the aiding and abetting claim is entirely dependent on

6

the breach of fiduciary duty claim.  (Dkt. entry no. 29, Removing Defs.' Br. Supp. Mot. Dismiss at 3.)

Section 1332(d)(9)(A) applies here because it is undisputed that Mercer stock is traded on the NASDAQ stock market.  (Compl. at ¶ 5.)  See 15 U.S.C. § 77r(b)(1)(A) ("A security is a covered security if such security is . . . listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market . . ."); 15 U.S.C. § 78bb(f)(5)(E) ("The term 'covered security' means a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 18(b) of the Securities Act of 1933 [15 U.S.C. § 77r(b)], at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred. . . .").  We think it fair to say that the Complaint "solely involves a claim concerning a covered security" in that the Mercer stock held by Plaintiff and the putative class is the lynchpin for both the breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims.  Plaintiff alleges no claims not relating to the Mercer stock, such that the entire action falls within Section 1332(d)(9)(A).  (See dkt. entry no. 38, Pl. Reply Br. at 7.)  See Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp., 603 F.3d 23, 31-32 (2d Cir. 2010) (noting that "[i]f Congress had intended [CAFA exceptions] to apply only to class actions that involve no legal issues extraneous to the

7

primary claim, they would have used language that was more clearly limiting"); cf. Tuttle v. Sky Bell Asset Mgmt., LLC, No. 10-3588, 2011 WL 208060, at *5 (N.D. Cal. Jan. 21, 2011) (finding that Section 1332(d)(9)(A) exception did not apply, given amended pleading's assertion of a claim for simple negligence, notwithstanding existence of CAFA-exempt claims including breach of fiduciary duty and aiding and abetting breach of fiduciary duty).

    Even if Section 1332(d)(9)(A) did not apply, Section 1332(d)(9)(C) provides an alternative basis for remand.  The Complaint "relates to" the rights, duties, and obligations created by virtue of Plaintiff's ownership of Mercer stock, in that both claims asserted pertain to the alleged breach of fiduciary duty:  the alleged breach of duty by the Individual Defendants, and the coordinate claim against Removing Defendants for aiding and abetting the same.  See In re Textainer P'ship Sec. Litig., No. 05-969, 2005 WL 1791559, at *6-7 (N.D. Cal. July 27, 2005) (finding that breach of fiduciary claim challenging proposed sale of limited partnership interests negotiated by the general partners as fundamentally unfair was exempt from CAFA jurisdiction under Section 1332(d)(9)(C), as it "solely involved" an "investment contract," which is included in the definition of "security" in the Securities Act, 15 U.S.C. § 77b(a)(1)).  A claim for aiding and abetting a breach of fiduciary duty, under

the plain language of Section 1332(d)(9)(C), clearly "relates to" the breach of fiduciary duty claim asserted against the Individual Defendants, and thus does not take the action outside of Section 1332(d)(9)(C)'s exemption from CAFA's grant of federal subject matter jurisdiction.  See Estate of Pew v. Cardarelli, 527 F.3d 25, 32, 33-38 (2d Cir. 2008) (Pooler, J., dissenting) (rejecting majority's assertion that Section 1332(d)(9)(C) only applies to claims "grounded in the terms of the security itself" and criticizing majority's "wholly inexplicable departure from the plain text of Section 1332(d)(9)(C)").

## CONCLUSION

For the foregoing reasons, the Court will remand the action to New Jersey Superior Court, Mercer County.  The Court will sua sponte remand Braun v. Mercer Insurance Group, Inc., No. 11-166 (MLC), on the same grounds discussed herein, because that action contains identical claims against the same parties and the Court therefore lacks subject matter jurisdiction.  See Martin v. Wal-Mart Stores, Inc., 709 F.Supp.2d 345, 347 (D.N.J. 2010) (remanding action sua sponte for lack of jurisdiction); Martin v. Lafon Nursing Facility of the Holy Family, Inc., 548 F.Supp.2d 268, 279 n.45 (E.D. La. 2008) (noting that district courts need not give notice of decision to remand pursuant to CAFA because "it is a bedrock principle of federal jurisdiction [that] a court may sua sponte review whether subject matter jurisdiction exists

9

in a case") (citation and quotation omitted, alteration in original).

    Removing Defendants' cross motions to consolidate and to dismiss, as well as the cross motion to dismiss by Mercer and the Individual Defendants, will be denied without prejudice.  The Court will issue an appropriate order and judgment.


                                                                      s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:    February 15, 2011